WELSH *v.* CLINTON LUMBER & SUPPLY COMPANY

No. 40620          January 13, 1958          99 So. 2d 660

*Ebb J. Ford,* Gulfport, for appellant.

*Hannah, Simrall & Aultman*, Hattiesburg, for appellee.

McGEHEE, C. J.

On September 22, 1956, the appellant Bernard Welsh filed an ex parte petition in the Chancery Court of Harrison County, Mississippi, under Sections 5355 and 5356,

Code of 1942, seeking the dissolution of the Clinton Lumber & Supply Company, Inc., at Gulfport, and seeking the appointment of himself as receiver of the corporation. On that day a decree was entered ordering the dissolution of the corporation and appointing the appellant as receiver thereof. He owned 40 shares of the 240 shares of the corporate stock, and was the secretary-treasurer of the corporation. W. H. Clinton owned 130 shares of such stock and was president of the corporation. J. V. McRaney owned 70 shares of such stock and was the vice-president thereof. The last two mentioned officials and remaining stockholders, who lived at Hattiesburg, Mississippi, had no notice of the filing of the petition for the dissolution of the corporation and of the decree appointing the appellant as receiver thereof until September 27, 1956, when they filed their motion to set aside the order of dissolution of the corporation and the appointment of the receiver, and no bond had been posted by the receiver until the next day after the filing of the said motion by Clinton and McRaney.

Section 1356, Code of 1942, reads as follows: "A receiver shall not be appointed without the party praying the appointment have given the opposite party at least five days' notice of the time and place of making the application, unless it shall appear that an immediate appointment is necessary, or good cause be shown for not giving notice."

The petition for the dissolution of the corporation and the appointment of the receiver does not allege the existence of any emergency justifying the appointment of the receiver without notice, and wholly failed to allege facts to bring the petitioner within the circumstances whereunder this statute permits the appointment of a receiver without notice.

Section 1357, Code of 1942, reads as follows: "Before any receiver shall be appointed without notice, the party applying for the appointment shall execute bond, payable to the adverse party, in a sufficient penalty to be fixed

by the court or chancellor, with sufficient sureties, conditioned to pay all damages that may be sustained by the appointment of such receiver in case the appointment be revoked; and said bond shall be filed in the cause, and damages may be recovered thereon in the suit in the same manner as damages are recoverable on an injunction-bond or the party entitled to damages may maintain an independent suit on such bond therefor.''

The bond finally posted by the receiver was a fidelity bond. See Section 471, Griffith's Mississippi Chancery Practice.

Section 474 of Griffith's Mississippi Chancery Practice, reads in part as follows: ''Every receiver, when appointed, shall, before being authorized to act as such, give bond, payable to the State, in such penalty and with such sureties as may be approved by the court or chancellor, conditioned that he will in all things faithfully discharge the duties of his office as receiver; * * *.''

The defendants filed an answer and cross bill in which the material allegations of the bill of complaint were denied, and it was further alleged that the corporation was not properly made a party to the proceeding instituted by the appellant, and it was denied that the affairs of the corporation were such as to subject it to liquidation and receivership proceedings, denied the insolvency of the corporation and charged that it was amply solvent and a going concern, and that its liabilities were $50,810.-91, but that it had assets of the value of $80,230.92.

On December 1, 1956, the special chancellor dismissed the petition for the liquidation, terminated the receivership, found that the corporation was not insolvent at the time of the filing of the petition, and held that the appellant had failed to prove that the corporation had ceased to operate as a going concern at the time of the filing of the petition for its dissolution, but prior thereto the chancellor had required the corporation and Clinton and McRaney to post a $10,000 bond on October 29, 1956, pending the full trial on the merits, which was held on

December 1, 1956, as aforesaid, and in the said decree of December 1, 1956, the special chancellor assessed the appellant with the sum of $1,555.74 as damages. To justify the larger part of the damages allowed the chancellor had proof before him by one attorney that $1,500 would be a reasonable attorney's fee and by another attorney that $1,000 would be a reasonable attorney's fee. From this final decree the appellant has prosecuted this appeal with a supersedeas bond.

The proof disclosed that the corporation had been in business since September 1949, and an audit of its business as of the date of September 30, 1956, was introduced in evidence, and the auditor, Burke, who made the audit, testified that the corporation was solvent. The appellant admitted in his testimony that at the time he placed the corporation in receivership there had already been mailed out notices to the stockholders that the annual meeting thereof would be held on September 27, 1956, and it is not contended that the other stockholders were apprised of the fact that the bill for receivership had been filed and that the appellant had been named as receiver of the corporation until the date scheduled for the annual meeting of the stockholders. He further admitted that he did not consult an accountant or auditor before making his decision to file his bill for the liquidation, and that at the time of the filing of same the corporation was carrying an earned surplus on its balance sheet of $9,880.82, and this fact is substantiated by an audit that was admitted into evidence.

It also appears that no creditor had instituted a suit against the corporation nor had indicated any intention of doing so. None of the obligations of any large amount were past due on the date of the filing of the petition by the appellant. Another auditor, Allen, testified that the corporation was paying its bills currently, as of September 30, 1956, and that the corporation was then carrying a surplus in earnings on its books of approximately $5,400. The said auditor conceded that the corporation was

probably solvent when the audit was made as of September 30, 1956. This auditor, who had at first expressed his conclusion that the company was insolvent, later stated that he had reached this conclusion without having had access to the inventory of the corporation, and that the value of the inventory had not entered into his deliberations in reaching his conclusions.

It is argued by the appellant that it is significant that neither Clinton nor McRaney took the stand to testify as witnesses in the case, but we do not think that this changes the fact that the original order for the dissolution of the corporation and for the appointment of the receiver, entered on September 22, 1956, was void as having been made without notice, and without the necessary bond having been posted contemporaneously with the appointment of the receiver contrary to Sections 1356 and 1357, Code of 1942.

It is true that Sections 5355 and 5356, Code of 1942, read as follows:

"When any corporation owing property in and doing business in this state, whether domestic or foreign, becomes insolvent or ceases to be a going concern, or while insolvent sells its franchise in whole or in part, any creditor, thereof or stockholder therein may file a bill in the chancery court of this state having jurisdiction thereof, on his own behalf or on behalf of himself and all other creditors and stockholders, on behalf of himself, if a stockholder, and all other stockholders and creditors, and have its affairs, by decree of such court, wound up and its assets distributed according to the rights of the creditors first, and then ratably what is left among the stockholders according to their rights, but dealing only with such assets, property and franchises of such corporation as may be in the state of Mississippi. This section shall not apply to banking corporations."

"When a bill is filed as provided in the foregoing section the chancery court shall have full jurisdiction to ap-

point a receiver as in other cases in equity to take charge of the assets.''

However, under the other statutes hereinbefore quoted, and under the rule announced in Griffith's Mississippi Chancery Practice, the petitioner for liquidation of a corporation in the chancery court is not relieved of the necessity of giving the notice and posting the bond required by Sections 1356 and 1357, Code of 1942.

██ Without regard to the fact that neither Clinton nor McRaney testified in the case, we are of the opinion that the chancellor was justified in terminating the receivership and returning the assets to the corporation in view of the fact that the entire proceedings wherein the dissolution of the corporation was ordered and the receiver appointed were void for want of notice to the other stockholders and for the failure to post the receiver's bond, and that therefore the decree of the trial court must be affirmed.

██ The conditions which must be shown in order to entitle a stockholder to have a dissolution of the corporation and a receiver appointed, are, (a) the insolvency of the corporation, or (b) that the corporation ceases to be a going concern, or (c) while not solvent the corporation sells its franchises in whole or in part. No proof was offered to sustain the proposition stated under (c), and we are not justified in reversing the decision of the chancellor on the conflicting evidence under propositions (a) and (b).

██ In Section 467, Griffith's Mississippi Chancery Practice, it is stated: ''An application for the appointment of a receiver is one which is addressed to the sound discretion of the court, to be exercised as an auxiliary to the attainment of the ends of justice.'' See also Section 472 of the same text.

The decree appealed from must therefore be affirmed.

Affirmed.

*Hall, Kyle, Arrington* and *Gillespie, JJ.,* concur.